UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Latarsia Shonika Hinton,<br>Plaintiff,<br><br>v.<br><br>UFP NAC, LLC,<br>Defendant. | CASE NO.:<br><br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of disability discrimination and retaliation was filed with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from the EEOC on or about October 21, 2022.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, Latarsia Shonika Hinton, is a citizen and resident of the State of South Carolina and resides in Richland County, South Carolina.

4. The Defendant, UFP NAC, LLC, upon information and belief, is a foreign corporation organized in the State of Michigan and operating under the laws of the State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of Title VII and the ADA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about July 6, 2020, the Plaintiff began working for Defendant as a Shipping Manager. At the time of her hire, Defendant's Plant Manager, Brad Melpolder, promised Plaintiff quarterly bonuses ranging between $1,500.00 and $4,000.00 in addition to her base salary. The Plaintiff accepted her position with Defendant based on those terms.

11. The Plaintiff was diagnosed with Sciatica on or about November 15, 2020, and as a result, has difficulty walking long distances. Because of this condition, the Plaintiff is a person with a serious medical condition as defined by the ADA.

12. Plaintiff immediately informed the Operations Manager, Jeff Miller; Drusilla Hoffman in Human Resources; and Plant Manager, Brad Melpolder, of her diagnosis. Plaintiff then requested to be provided with a golf cart so that she did not have to walk to the back of the property to perform truck inspections.

13. Plaintiff's request to use a golf cart constitutes her request for a reasonable accommodation under the ADA.

14. Between November 15, 2020, and January 4, 2021, Plaintiff repeatedly addressed Mr. Miller, following up on her request for a golf cart, but he refused to provide the same to her.

15. The Defendant, through Mr. Miller, then began to retaliate against the Plaintiff for repeatedly requesting the use of a golf cart. For example, he called Plaintiff "irresponsible" for returning to work after she received a negative COVID test result; blamed co-worker's shortcomings on her; and informed her that she could no longer take a previously planned vacation.

16. In a final act of retaliation, the Plaintiff was terminated on or about February 4, 2021.

17. Any stated reasons for Plaintiff's termination were pretextual in nature. Her termination, in reality, was discriminatory on the basis of her disability and in retaliation for requesting a reasonable accommodation.

18. At all times relevant to this Complaint, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADA – Failure to accommodate

19. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

20. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

21. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job and other jobs in Defendant's employ.

22. As a result of her disability, the Plaintiff requested the reasonable accommodation of a golf cart due to her Sciatica.

23. The Defendant declined, without just cause, to provide that accommodation to the Plaintiff.

24. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

## FOR A SECOND CAUSE OF ACTION
### Violation of the ADA – Retaliation

25. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

26. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

27. Plaintiff's requested accommodations were made in good faith and constituted protected activity under the ADA.

28. Shortly after requesting said accommodations, the Defendant fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

29. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

30. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

31. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered

severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## FOR A THIRD CAUSE OF ACTION
### Breach of Contract

32. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

33. As a term of Plaintiff's employment, the Defendant was to pay between $1,500.00 and $4,000.00 every quarter, on top of her base salary.

34. Despite that agreement, Plaintiff never received the quarterly bonuses.

35. By failing to pay the Plaintiff the agreed-upon funds, the Defendant breached the contract of employment between the Plaintiff and the Defendant.

36. That as a direct and proximate result of Defendant failing to pay the Plaintiff earned funds, she has suffered loss of income; has been deprived of contractual rights conferred by aforesaid contract; and has had to initiate a lawsuit to enforce the contract.

37. Accordingly, the Plaintiff is informed and believes that she is entitled to actual damages, punitive damages and compensatory damages in the nature of the value of her lost wages and reasonable attorney's fees and costs for the bringing of this action.

## FOR A FOURTH CAUSE OF ACTION
### Violation of South Carolina Payment of Wages Act

38. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

39. The Defendant wrongfully withheld quarterly bonuses that would be between $1,500.00 and $4,000.00.  Therefore, the Defendant should be required to pay the Plaintiff for all wages owed to her, plus interest.

40. The Plaintiff is entitled to an award of damages against the Defendant in the amount to be determined by the trier of fact.  Also, because the damages relate to wages owed to her, the Plaintiff is entitled to treble damages plus attorney fees and costs pursuant to the South Carolina Payment of Wages Act, S.C. Code §41-10-80 (1976), as amended.

## REQUEST FOR RELIEF

41. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

42. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact;

6. Judgment in favor of the Plaintiff and against the Defendant for treble damages; and

7. Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Emily Hanewicz Tong*
Emily Hanewicz Tong (Fed. I.D. #12177)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
t: (843) 553-9800
f: (843) 203-1496
e: ehtong@wiggerlawfirm.com

North Charleston, South Carolina
January 12, 2022.